IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Columbia Division

CARLA PULLEY,

    Plaintiff,

v.    No.: _____

LAWRENCE COUNTY EMERGENCY
COMMUNICATIONS DISTRICT (911 BOARD)    JURY DEMAND

    Defendant.

## COMPLAINT

PLAINTIFF, Carla Pulley, brings this action against the Defendant, showing as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against the Defendant, LAWRENCE COUNTY COMMUNICATIONS DISTRICT (911 BOARD), for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq*.

### II. THE PARTIES

### A. THE PLAINTIFF

2. Plaintiff, CARLA PULLEY, currently resides in Lawrenceburg, Tennessee and is a citizen of the United States.

3. Plaintiff has been employed by Defendant for approximately eighteen (18) years.

4. Plaintiff is an FMLA "eligible employee," specifically under 29 U.S.C. Section

2611(2)(A).

## B. THE DEFENDANT

5.      Defendant is located within the Middle District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A).

6.      At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

7.      The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## III. JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9.      Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. FACTS

10.     For several years, Plaintiff has suffered from the "serious health condition" of migraine headaches.

11.     These headaches are debilitating to Plaintiff when they occur, causing her sickness, inability to focus and concentrate, and need for quiet darkness in order to recover quickly.

12.     Plaintiff learned that these migraines entitle her to the use of "intermittent" leave under the FMLA, given the sudden and episodic nature of her condition.

13.     Plaintiff did request use of intermittent FMLA for her migraine headaches.

14.     On or about August 17, 2011, Plaintiff did provide an FMLA certification from her physician for intermittent leave. This certification requested intermittent leave and was signed by a physician at Vanderbilt Neurology.

15. Defendant did not claim the certification was incomplete, nor did Defendant seek a second or third opinion.

16. Instead, on or about August 23, 2011, Defendant wrote Plaintiff a letter. In this letter, Defendant claimed it had done "much research" and that "it [sic] the opinion of our attorney that the circumstances under which you are requesting FMLA are not conducive with the guidelines as interpreted to qualify for FMLA."

17. When Plaintiff questioned how this could possibly be so, Plaintiff's supervisor advised her that "there is no such thing as intermittent FMLA leave."

18. Defendant has wrongfully denied Plaintiff intermittent FMLA leave in the recent past and, by its stance, has refused to grant it to Plaintiff in the future. Accordingly, Plaintiff must now seek relief in Court.

## V. COUNT ONE

19. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-17 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FLMA, including by refusing to recognize intermittent FMLA leave and by denying it to Plaintiff in the past and future.

## VIII. PRAYER FOR RELIEF

20. WHEREFORE, the Plaintiff prays for the following relief:

   A. That proper process issue along with a copy of this complaint requiring the Defendants to appear and answer;

   B. That Defendant be enjoined from denying Plaintiff appropriate FMLA leave;

C. That any negative actions (e.g. unexcused absences or discipline) be removed from Plaintiff's personnel file;

D. That an Order prohibit Defendant from retaliating against Plaintiff for taking this legal action;

E. Reasonable attorneys' fees;

F. The costs and expenses of this action;

G. Such other legal and equitable relief to which Plaintiff may be entitled; and

H. Plaintiff further demands a Jury to try this cause.

**GILBERT RUSSELL McWHERTER PLC**

**/s Justin S. Gilbert**
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Avenue
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF